IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| KAITLYN ROSE SLAUGHTER, | Civil Action No.: 1:23-cv-02566-CNS-~~STV~~SKC |
| Plaintiff, | |
| vs. | **SCHEDULING ORDER** |
| LEXISNEXIS RISK SOLUTIONS INC., | |
| Defendant. | |

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The Scheduling Conference was set to occur on January 9, 2024, by telephone. The Court has reviewed the parties' proposed Scheduling Order and finds that convening the Scheduling Conference is unnecessary. The Court hereby **VACATES** the Scheduling Conference and issues this Scheduling Order. The Parties should read this Scheduling Order in its entirety based on modifications or additions the Court made to the proposed order submitted. Counsel shall further read and adhere to the civil practice standards of both the presiding district judge and the referral magistrate judge.

It is **ORDERED that, within 24 hours of the date of this Scheduling Order, the parties jointly email Judge Sweeney's chambers to obtain a date for the Final Pretrial Conference.**

//

//

//

//

//

//

//

//

//

//

//

//

## 2.     STATEMENT OF JURISDICTION

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the Fair Credit Reporting Act ("FCRA") to be brought in any appropriate court of competent jurisdiction. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## 3.     STATEMENT OF CLAIMS AND DEFENSES

**PLAINTIFF'S STATEMENT:**

This action, filed on October 2, 2023 (Docket No. 1), arises from violations of the FCRA, 15 U.S.C. § 1681 *et seq.* by LexisNexis. Plaintiff's claims arise out of LexisNexis' blatantly inaccurate reporting, wherein LexisNexis reported to Plaintiff's potential creditors that she is "deceased." Plaintiff alleges that, as a result of LexisNexis' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of sleep; detriment to her credit rating; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. Accordingly, Plaintiff brings claims against LexisNexis for failing to follow

reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b).

**DEFENDANT'S STATEMENT:**

This is an action pursuant to the FCRA in which Plaintiff alleges that LexisNexis Risk violated 15 U.S.C. § 1681e(b), relating to procedures requires to assure the maximum possibly accuracy of consumer reports. LexisNexis Risk did not violate the FCRA. Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information about whom the report relates." Section 1681e(b) is not a strict liability statute – it does not make a consumer reporting agency liable whenever an inaccuracy appears on a consumer report. A consumer reporting agency is liable for an inaccuracy only where its inclusion of information in a consumer report results from a failure to employ reasonable procedures in preparing consumer reports and results in an adverse impact to the consumer. LexisNexis Risk maintains that the alleged inclusion of a deceased indicator in Plaintiff's consumer file occurred despite LexisNexis Risk's maintenance of reasonable record matching procedures. Accordingly, LexisNexis Risk did not violate Section 1681e(b).

**4.     UNDISPUTED FACTS**

The following facts are undisputed:

1. Plaintiff is a Consumer under 15 U.S.C. § 1681a(c); and

2. Defendant LexisNexis is a consumer reporting agency as defined by the FCRA.

## 5. COMPUTATION OF DAMAGES

**PLAINTIFF'S STATEMENT:**

Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1), statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

As a result of LexisNexis' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

A computation of emotional distress is difficult to quantify. *See*, *e.g.*, *Williams v. Trader Publishing Co.*, 218 F. 3d 481, 486 n. 4 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)"); *Cresswell v. HCAL Corp.*, No. CV 04-388 BTM (RBB) (S.D. Cal. 2007) ("While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are often times not readily amenable to computation"). Punitive damages, like emotional distress, are not readily quantifiable, so a computation of the amount of punitive damages is therefore also not required in or prior to initial disclosures. *Cresswell v. HCAL Corp.*, No. CV-04-388 BTM (RBB) (S.D. Cal. 2007).

**DEFENDANT'S STATEMENT:**

LexisNexis Risk denies Plaintiff's claim for damages, and denies liability for any damage. LexisNexis Risk does not seek damages from Plaintiff at this time.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  **Date of Rule 26(f) meeting: December 22, 2023.**

b.  **Names of each participant and party he/she represented:**

Mehak Rizvi on behalf of Plaintiff Kaitlyn Rose Slaughter;

Jim McCabe and Nicole Serfoss on behalf of Defendant LexisNexis Risk Solutions, Inc.

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties will exchange the initial disclosures required by Rule 26(a)(1) on or before **January 12, 2024**.

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The Parties agree that there should be no change made in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a)(1).

e.  **Statement concerning any agreements to conduct informal discovery:**

The parties are willing to attempt to use informal discovery in an effort to speed assessment of the case.

f.  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties agree that the exchange of discovery requests and responses, including ESI, shall be in Word format or PDF, and served via email, a secure file transfer protocol, or by a removable disk/drive, rather than US Mail. The Parties also agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below

(or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

The Parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **PARTY** | **EMAIL SERVICE ADDRESSES** |
|---|---|
| Plaintiff | James Ristvedt (jristvedt@consumerattorneys.com) <br><br> Mehak Rizvi (mrizvi@consumerattorneys.com) <br><br> Irina Iakovleva (iiakovleva@consumerattorneys.com) |
| Defendant | Nicole Serfoss (nserfoss@mofo.com) <br><br> Jim McCabe (jim.mccabe@alston.com) <br><br> Meghan McBerry (meghan.mcberry@alston.com) |

**g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each Party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing Party's discovery requests. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties have agreed to meet and confer before seeking intervention from the Court.

The Parties will produce ESI in PDF format. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The Parties do not anticipate any issue regarding electronically stored information. Plaintiff and LexisNexis shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and LexisNexis shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or LexisNexis determine, in good faith, that additional information is needed, the Parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot

reach an agreement, Plaintiff or LexisNexis may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

**h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have not yet commenced discussion concerning the possibility of prompt settlement or resolution of this case. The Parties plan to engage in informal settlement discussions, but are also open to conducting alternative dispute resolution, by means of a neutral magistrate judge or private mediation, to occur on or before the close of fact discovery.

## 7.    CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8.    DISCOVERY LIMITATIONS

**a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

1. Pursuant to Fed. R. Civ. P. 30(a)(1), no more than **seven (7)** depositions shall be taken by either Plaintiff or LexisNexis.
2. Pursuant to Fed. R. Civ. P. 33(a)(1), each Party may serve on any other Party no more than **twenty-five (25)** written interrogatories, including all discrete subparts.

**b.    Limitations which any party proposes on the length of depositions.**

1. Pursuant to Fed. R. Civ. P. 30(d)(1), a single deposition is limited to **seven (7) hours**.

8

**c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Each Party may serve on any other Party no more than **thirty (35)** requests for production and no more than **twenty-five (25)** requests for admission.

**d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: July 25, 2024.**

**e.     Other Planning or Discovery Orders:**

The Parties anticipate stipulating to, and proposing to the Court, a protective order for entry in this case.

The Parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege log(s).

The Parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. If the Parties disagree concerning the need for, and/or the scope or form of a protective order, the Party or Parties seeking such an order shall file an appropriate motion and supporting memorandum.

**9.     CASE PLAN AND SCHEDULE**

**a.     Deadline for Joinder of Parties and Amendment of Pleadings: February 23, 2024.**

**b.     Discovery Cut-off: August 23, 2024.**

    c.    **Dispositive Motion Deadline:** ~~December 4, 2024.~~  September 22, 2024

    d.    **Expert Witness Disclosure:**

        1) Expert Disclosure deadline: ~~September 23, 2024;~~ June 24, 2024

        2) Expert Rebuttal deadline: ~~October 7, 2024;~~ July 24, 2024

        3) ~~Expert Discovery cutoff: November 6, 2024.~~

**1. The parties shall identify anticipated fields of expert testimony, if any:**

**PLAINTIFF:** Plaintiff anticipates expert testimony on the following:

Expert testimony related to LexisNexis' policies and procedures that ensure compliance with the FCRA.

**DEFENDANT:** LexisNexis Risk does not anticipate the need for an expert at this time, but reserves the right to use one should it become necessary.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The Parties propose limiting each Party to one Rule 26(a)(2)(B) expert witness per specialty.  See above expert designation deadlines.

~~3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 23, 2024.~~

~~4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 7, 2024.~~

    e. **Identification of Persons to Be Deposed:**

**PLAINTIFF:** Plaintiff refers the Parties to Plaintiff's Rule 26(a) Initial Disclosures for a comprehensive statement relating to the identities of fact witnesses. Plaintiff anticipates looking

to fact discovery, such as the production of documents, as a guide in determining which witnesses' depositions are necessary to the furtherance and prosecution of Plaintiff's claims. At minimum, Plaintiff anticipates deposing a corporate representative of LexisNexis.

**DEFENDANT:** LexisNexis Risk anticipates deposing Plaintiff and may potentially depose a representative from the sources that supplied information to LexisNexis Risk regarding Plaintiff.

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times: __TBD__.

b. A final pretrial conference will be held in this case on __TBD__ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None at this time.

b. **Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff demands a jury trial. Plaintiff expects trial to be 5-7 days. Defendant estimates trial length at 3-4 days.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch**

11

**Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None anticipated at this time.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D. C. COLO. L. Civ. R. 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D. C. COLO. L. Civ. R. 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this  4th  day of   January   , 20 24 .

BY THE COURT:

_____
United States Magistrate Judge
S. Kato Crews

12

APPROVED:

| | |
|---|---|
| */s/ James Ristvedt* | */s/ Nicole K. Serfoss* |
| James Ristvedt, AZ Bar #035938 | Nicole K. Serfoss, CO Bar #36815 |
| **CONSUMER ATTORNEYS** | **MORRISON & FOERSTER LLP** |
| 8245 N. 85th Way | 4200 Republic Plaza, 370 Seventeenth Street |
| Scottsdale, AZ 85258 | Denver, CO 80202-5638 |
| T: (480) 626-1956 | P: 303-592-1500 |
| E: jristvedt@consumerattorneys.com | F: 303-592-1510 |
| | E: nserfoss@mofo.com |
| *Attorneys for Plaintiff* | |
| *Kaitlyn Rose Slaughter* | *Attorney for Defendant* |
| | *LexisNexis Risk Solutions Inc.* |

~~**CERTIFICATE OF SERVICE**~~

~~I hereby certify that on January 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.~~

~~**CONSUMER ATTORNEYS**~~

~~By: */s/ Irina Iakovleva*~~
~~Irina Iakovleva~~